8 F.3d 820
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fabian A. THOMAS, Plaintiff-Appellant,
v.
Janet RENO, Attorney General of the United States of
America; William Sessions, Director, Federal
Bureau of Investigation, Defendants-Appellees.
 No. 93-1593.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 4, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Fabian A. Thomas, Appellant Pro Se.
 Dennis Edward Szybala, Assistant United States Attorney, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Fabian A. Thomas brought suit for illegal discrimination resulting from the alleged racially-disparate impact of the Federal Bureau of Investigation's requirement that Special Agents possess a resident four-year college degree. He appeals from the district court order granting summary judgment in favor of the Defendants. Because we find that Thomas failed to present a prima facie case of disparate impact discrimination, we affirm.
 
 
 2
 Summary judgment is properly granted where the record, taken as a whole, reveals that a rational trier of fact could not find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All factual allegations made by the non-movant, and all reasonable inferences therefrom, are read in favor of the non-moving party. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). This Court reviews summary judgments de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).
 
 
 3
 To state a prima facie case of discrimination, a plaintiff must show that a facially-neutral employment requirement had a significantly discriminatory impact. Connecticut v. Teal, 457 U.S. 440, 446 (1982) (citing Griggs v. Duke Power, 401 U.S. 424, 432 (1971)). Defendants' evidence is uncontradicted that, of the 72,000 applicants for positions as Special Agents, only nine were denied consideration because of their non-resident degrees; of those nine applicants, five were white and four were black. Thus, the district court properly granted summary judgment in favor of the Defendants.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED